## Mayer v. Knopf

*Bernstein & Bernstein* and *Harry E. Apeler*, for plaintiffs.

*Philip G. Damiani*, for defendant.

*Henry J. Lotto*, for additional defendant.

WEINROTT, J., December 4, 1958.—This phase of plaintiffs' trespass action arises on the additional defendant's motion for judgment on the pleadings. The automobile operated by plaintiff husband was involved in a collision with defendant's vehicle. Plaintiff wife who was a passenger in her husband's automobile at the time of the accident allegedly suffered serious injuries. Upon institution of suit by plaintiffs, defendant joined plaintiff husband as an additional defendant alleging that he was jointly or severally responsible for the accident and the injuries resulting therefrom.

The additional defendant filed an answer and new matter setting forth a release running from defendant to both plaintiffs. Defendant's reply acknowledges the execution of the release or writing, but denies that this instrument was the contract by which defendant settled his claim arising out of the accident here involved.

Said defendant avers that the contract by which defendant settled his claim against the additional defendant was an oral agreement to settle defendant's claim for personal injury. In his brief, however, defendant abandons that position and raises the following two questions:

1. Does the release pleaded by the additional defendant release him of liability for contribution to defendant?

2. Does a proper interpretation of the release here involved necessitate a knowledge and consideration of the circumstances of the parties surrounding its execution?

We determined that the first question has been answered in the affirmative by the case of Killian v. Catanese, 375 Pa. 593. Counsel for the additional defendant attempts to distinguish the Killian case from the instant one on alleged verbiage differences which we believe to be strained rather than realistic. Additional defendant stresses that the Supreme Court in its opinion stated that there was a general release of all liability by reason of the fact that the release in the Killian case commenced with the words, "from all, and all manner of . . . ," and the words written in were, "the liability arising out of the accident . . . ," whereas in the instant case, the language commences in a similar manner, then states the date and place of the accident and is followed by the words, "and especially the liability arising out of the aforesaid accident."

The court is of the firm opinion that no different intent can be formulated from the language used in the release involved in the instant case than that which was found as a matter of law by our Supreme Court in the Killian case.

Particularly applicable here is the statement of the Supreme Court in the Killian case that no attempt was made to limit the scope of the release to claims and demands of the original defendant. The additional defendant in the instant case, in our opinion, was released from all liability arising out of the accident, including any liability which the original de-

fendant might seek to impose on additional defendant. The instant release was prepared on behalf of Mayer when he was already joined as an additional defendant. Defendant was then represented by counsel in the matter and, under those circumstances, we believe it would have been incumbent upon defendant to have specifically eliminated from the "Release of All Claims" the right of contribution if he intended to preserve the same.

In response to the second question raised by defendant, we find immediate and recent authority in the case of Kent v. Fair, 392 Pa. 272, 276, wherein it is stated that a person who accepts money from a person against whom he has or may have a claim has it within his power to write into the release what he pleases and, in the absence of accident, fraud or mistake, he is bound by what he writes. Defendant has not averred accident, fraud or mistake, and has abandoned the position asserted in its reply to the new matter of additional defendant pleading the release.

We cannot believe that the release is susceptible of two reasonable interpretations within the confines of the pleadings and for us to make inquiry beyond the record is prohibited. That the release executed by defendant was intended to be a full and complete one is amplified by the fact that at the time he executed the release he had already joined Mayer as an additional defendant, and by the further fact that the release is executed in favor of both the additional defendant and his wife.

We are constrained to the view that the motion of additional defendant for judgment on the pleadings must be granted and enter, therefore, the following:

*Order*

And now, to wit, this December 4, 1958, the motion of additional defendant, Joseph Mayer, for judgment

on the pleadings is granted, and judgment is entered on the pleadings in favor of the additional defendant and against defendant, Norton B. Knopf.